IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACEY ST. ROMAIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2273 |
| | § | |
| FORT BEND COUNTY SHERIFF'S | § | |
| OFFICE, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on Defendants' Motion for Summary Judgment ("Motion") [Doc. # 16], to which Plaintiff Stacey St. Romain filed a Response [Doc. # 18], and Defendants filed a Reply [Doc. # 20]. The Court has reviewed the full record, including the DVD of the relevant events on April 28, 2008, included in the record as Exhibit A to the Motion. Based on this review and the application of governing legal authorities, the Court **grants** the Motion.

## I.   BACKGROUND

Plaintiff was employed by the Fort Bend County Sheriff's Department as a Patrol Deputy. On April 28, 2008, Fort Bend County Deputy Shady M. Elsabie was dispatched to a reported shooting, and Plaintiff was dispatched as back-up for Deputy

Elsabie. Deputy Elsabie's patrol vehicle was equipped with a video camera that made certain audio and video recordings at the scene.

When Deputy Elsabie arrived at the scene of the shooting, the victim and a female approached his vehicle and the victim showed Deputy Elsabie where he had been shot in the leg. Plaintiff drove by in his patrol vehicle, drove to the end of the street, turned around, and returned toward Deputy Elsabie's vehicle. By that time, Deputy Elsabie had located the shooting suspect and was attempting to subdue him. Plaintiff exited his vehicle and strolled leisurely toward Deputy Elsabie's vehicle. Plaintiff stopped, examined something on the ground for several seconds, and then walked slowly out of the camera view. Off camera, Deputy Elsabie can be heard struggling with the suspect, telling him several times to "stop moving." There is no indication on the video that Plaintiff assisted Deputy Elsabie while he was struggring with the shooting suspect. After Deputy Elsabie subdued the assailant, he began to search his pockets. Plaintiff offered no assistance during the search.

Following an internal investigation, Plaintiff's employment was terminated for failure to assist Deputy Elsabie. Plaintiff filed this lawsuit against the Fort Bend County Sheriff's Department, Fort Bend County, Sheriff Milton Wright, Captain Jim Pokulda, Lieutenant Sam Rader, Sargeant Bradan Marcus, and Deputy Shady Elsabie, each in his official capacity. Plaintiff alleges that he was discriminated against on the

basis of his race and national origin (African-American) in violation of Title VII and 42 U.S.C. § 1981. Following an eleven-month period of discovery, Defendants moved for summary judgment. The Motion has been fully briefed and is ripe for decision.

**II.     STANDARD FOR SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific evidence showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the evidence in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in

the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific evidence which shows "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and

unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.  *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000).

## III.   ANALYSIS

### A.   Framework

The analysis regarding intentional race discrimination in employment is the same for actions asserted under sections 1981 and 1983 and/or Title VII.  *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010); *Lauderdale v. Texas Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007) (internal quotation marks omitted).  To establish a *prima facie* case of discrimination under either statute, Plaintiff is required to show that he (1) is a member of a protected class, (2) was qualified for the position at issue, (3) was subject to an adverse employment action, and (4) was treated less favorably than similarly situated individuals outside the protected class.  *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).  If Plaintiff establishes a *prima facie* case of discrimination, the burden shifts to Defendants to articulate a "legitimate, nondiscriminatory reason" for the employment action.  *Id.* at 512.  If Defendants satisfy their burden to articulate a nondiscriminatory reason, Plaintiff must show that Defendants' reason is a pretext for discrimination.  *Jackson*, 619 F.3d at 466.

**B.**     *Prima Facie* **Case**

It is undisputed that Plaintiff is a member of a protected class, that he was performing the job from which he was terminated, and that he suffered an adverse employment action when he was discharged. Plaintiff has presented no evidence, however, that he was treated less favorably than similarly situated individuals outside the protected class. Plaintiff's conduct that resulted in the adverse employment action must have been "nearly identical" to that of the proffered comparator employee who was treated less severely. *See Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Employees who engaged is dissimilar misconduct are not "similarly situated" for purposes of the fourth element of a *prima facie* case. *Id.*

In his affidavit, Plaintiff identified three employees who are not African-American and who allegedly engaged in misconduct but were not discharged. One individual allegedly engaged in sexual harassment "a few months ago." The incident is the subject of an investigation, and no action had been taken against the alleged harasser as of the date Plaintiff signed his affidavit in January 2011. Plaintiff also identified two employees who were intoxicated while present in the Sheriff's Office following Hurricane Ike. Both employees were suspended but not discharged. None of the situations relied upon by Plaintiff involved a deputy's failure to assist a fellow deputy engaged in a struggle with a shooting suspect. As a result, the other employees

were not "similarly situated" and are not proper comparators. Plaintiff has failed to present evidence to establish a *prima facie* case of discrimination.

### C.     Pretext

Even if Plaintiff presented evidence to establish a *prima facie* case, Defendants have articulated a legitimate, non-discriminatory reason for the decision to terminate Plaintiff's employment – Plaintiff's failure to assist Deputy Elsabie. Plaintiff asserts that the articulated reason is a pretext for discrimination because, although there was an investigation into the incident, it was not conducted by the Internal Affairs Department ("IAD") of the Fort Bend Sheriff's Department, and because the Texas Workforce Commission ("TWC") determined that Plaintiff was not disqualified from receiving unemployment benefits.

With reference to the internal investigation, the failure to have IAD conduct the investigation is not evidence of discrimination on the basis of race or national origin. Indeed, Plaintiff states in his affidavit that the internal investigation that was conducted was handled by Deputy Patterson, a black male.

Plaintiff's reliance on the decision of the TWC is similarly misplaced. As an initial matter, the findings of the TWC may not be "used as evidence in an action or proceeding." *See* TEX. LABOR CODE § 213.007. Moreover, there was no issue before the TWC regarding whether Fort Bend County and its Sheriff's Department

discriminated against Plaintiff on the basis of his race and/or national origin. Instead, the only issue before the TWC was whether Plaintiff's "failure to assist was such that it would support a finding of misconduct connected with the work" sufficient to disqualify Plaintiff from receiving unemployment benefits.

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding his assertion that Defendants' articulated reason for terminating his employment was a pretext for race and/or national origin discrimination. Defendants, therefore, are entitled to summary judgment.

## IV. <u>CONCLUSION AND ORDER</u>

Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of his *prima facie* case of discrimination on the basis of race and/or national origin. Even were the Court to find that Plaintiff had established a *prima facie* case, Plaintiff has failed to present evidence that raises a genuine fact dispute on the issue of pretext. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 16] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **27th** day of **January, 2011**.

Nancy F. Atlas
United States District Judge